UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| HASSAN ABPIKAR, | ) | CASE NO. CV 12-00009 MMM (RZ) |
| Petitioner, | ) | |
| | ) | ORDER SUMMARILY DISMISSING |
| vs. | ) | HABEAS PETITION AS DISGUISED |
| | ) | § 2255 MOTION |
| UNITED STATES OF AMERICA, et al., | ) | |
| Respondents. | ) | |

The Court will dismiss this putative 28 U.S.C. § 2241 habeas petition summarily because the face of the petition, combined with judicially-noticeable information, indicates that it is an abusive, disguised motion under 28 U.S.C. § 2255. Petitioner asserts a challenge to his federal criminal conviction that may only be asserted pursuant to § 2255 in the court that tried him, namely the United States District Court for the Northern District of California.  Indeed, as discussed below, it appears he did assert it there, unsuccessfully, and currently is appealing, in the Ninth Circuit, the same judgment that he targets here.  His asserting such challenges here, having labeled them as a putative § 2241 petition, is obviously improper.

/ / /

/ / /

/ / /

# I.

## BACKGROUND

Petitioner Hassan Abpikar is a federal prisoner housed in Lompoc, in this judicial district.  On November 2, 2010, after a one-day trial before District Judge Ronald M. Whyte, a federal jury in the Northern District of California convicted Petitioner of two counts each of (a) falsifying and concealing a material fact in a matter before a government agency, (b) making a false statement under oath relating to naturalization or citizenship, and (c) perjury.  *See generally* docket in *United States v. Abpikar*, No. CR 08-0560 RMW (N.D. Cal.) (verdict is docket #212).

Prior to his sentencing, on March 15, 2011, the *pro se* Petitioner filed a 46-page "Motion To Vacate Jury's Verdict Due To Defective Superseding Indictment; Motion To Dismiss Due To Unconstitutional Indictment; Due Process Violation; and Denial of Speedy Trial." *Id.* (docket #240).  Judge Whyte denied the motion after a nearly two-hour hearing on April 11, 2011. *See id.* (docket # 258).  Eight days later, Judge Whyte sentenced Petitioner to three years in prison in addition to imposing certain fines. *See id.* (docket #259) (Judgment).  Petitioner has appealed, and his appeal remains pending. *See* docket in *United States v. Abpikar*, No. 11-10192 (9th Cir.).

Petitioner's petition here appears to rehash his March 15, 2011 assertions rejected by Judge Whyte.  Although those arguments in their entirety are lengthy, Petitioner essentially argued, and argues, that the superseding indictment that went to the jury had been improperly changed from the initial indictment.

# II.

## DISCUSSION

28 U.S.C. § 2255 generally provides the sole procedural mechanism by which a federal prisoner may test the legality of his detention. *Lorentsen v. Hood*, 223 F.3d 950, 953 (9th Cir. 2000).  That section bars courts from entertaining most habeas petitions where "it appears that the applicant has failed to apply for relief, by motion, to the court

which sentenced him, or that such court has denied him relief[.]"  In light of this rule, the statute on its face appears to bar the present action.  Section 2255 itself permits resort to a 28 U.S.C. § 2241 petition when a § 2255 motion is "inadequate or ineffective to test the legality of [the] detention."  28 U.S.C. § 2255.  This clause is sometimes referred to as the "escape hatch" to § 2255's exclusivity provision.  *Lorentsen*, 223 F.3d at 953.

Only rarely is § 2255's escape hatch available.  A § 2255 motion cannot and should not be viewed as "inadequate" merely because the sentencing court has denied relief on the merits.  *Id*.  Any contrary ruling would nullify the statute's gatekeeping provisions, and Congress then would have accomplished little in its attempts to limit federal collateral review in passing laws such as the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  *See Triestman v. United States*, 124 F.3d 361, 374-76 (2nd Cir. 1997) (discussing Congressional intent to narrow collateral attacks).

"Along with many of our sister circuits," the Ninth Circuit has explained,

we have held that a § 2241 petition is available under the "escape hatch" of § 2255 when a petitioner (1) makes a claim of actual innocence, and (2) has not had an "unobstructed procedural shot" at presenting that claim.

*Stephens v. Herrera*, 464 F.3d 895, 898 (9th Cir. 2006) (collecting cases).[1]

---

[1]  Those courts which have found that a § 2255 motion would be "ineffective" or "inadequate" have done so when, due to unusual circumstances, the absence of any avenue for collateral review would raise serious constitutional questions.  An example is the series of cases arising in the wake of *Bailey v. United States*, 516 U.S. 137, 116 S. Ct.501, 133 L. Ed. 2d 472 (1995).  *See Sustache-Rivera v. United States*, 221 F.3d 8, 16 n.13 (1st Cir. 2000) ("The case law has come from the courts of appeals in the context of determining when the savings clause should apply, mainly in the wake of *Bailey*.").

In *Bailey*, the Supreme Court held that a defendant charged with "using" a firearm in violation of 18 U.S.C. § 924(c) cannot be convicted on that charge unless he actively employed the weapon.  516 U.S. at 150.  Prior to *Bailey*, many circuits upheld convictions under 18 U.S.C. § 924(c) upon a showing of something less than "active employment" of the firearm.  The Ninth

Here, opening the "escape hatch" is unwarranted.  Petitioner has had an unobstructed procedural shot at obtaining relief, in that he filed a similar motion – albeit not captioned as a § 2255 motion – on March 15, 2011 that Judge Whyte denied on the merits.  He also presumably will have the opportunity to assert the same argument in his direct appeal, which is ongoing.  The mere fact that Petitioner has not succeeded in one or more such "shots" does not somehow render the prior proceedings "inadequate or ineffective" for purposes of allowing a § 2241 "escape hatch" petition.  Moreover, even if Petitioner's argument here differed from his argument in the trial court and from any arguments he may make in the Ninth Circuit, the fact remains that he *could have made* his current challenges in those courts.

/ / /

/ / /

/ / /

/ / /

_____

Circuit, for example, affirmed convictions under § 924(c) upon a showing of mere possession. *United States v. Torres-Rodriguez,* 930 F.2d 1375, 1385 (9th Cir. 1991), *abrogated by Bailey, supra*.  Following *Bailey*, many prisoners who already had filed unsuccessful, pre-*Bailey* § 2255 motions filed § 2241 petitions seeking to overturn their convictions.  A few courts have allowed those prisoners to proceed on their § 2241 petitions on the grounds that these prisoners could not have raised their claims of innocence in an effective fashion at an earlier time, and that serious due process questions would arise if Congress were to close off all avenues of redress in such cases. *See, e.g., Triestman*, *supra*, 124 F.3d at 379; *In re Hanserd*, 123 F.3d 922, 929-930 (6th Cir. 1997); *In re Dorsainvil*, 119 F.3d 245, 251 (3rd Cir. 1997); *United States v. Lorentsen*, 106 F.3d 278, 279 (9th Cir. 1997).

One such avenue for redress is a motion to correct the sentence under 28 U.S.C. § 2255, solely in the sentencing court.  A successive motion under § 2255 may be entertained only based on newly discovered evidence or a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court.  28 U.S.C. § 2255(h).  (Claims under *Bailey* cannot form the basis of a successive § 2255 motion because *Bailey* construed a statute, not the Constitution.  Therefore, some courts have held, the escape hatch opens, because a serious due process concern would arise if no mechanism exists to adjudicate the claim. *See United States v. Brooks*, 230 F.3d 643, 647-48 (3rd Cir. 2000) (collecting cases).)

# III.

## CONCLUSION

For the foregoing reasons, the action is DISMISSED without prejudice to Petitioner's pursuit of relief in the Northern District of California, the Court of Appeals for the Ninth Circuit or the United States Supreme Court.

DATED: February 22, 2012

_____
MARGARET M. MORROW
UNITED STATES DISTRICT JUDGE